# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:26-CV-00288-KDB-WCM

| | |
|---|---|
| ASHLEY THROWER,<br><br>**Plaintiff,**<br><br>v.<br><br>**CITIBANK, N.A.; ET AL.,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on its own motion following the filing of Motions to Dismiss by Defendants Wells Fargo Bank, N.A.; JP Morgan Chase Bank, N.A.; and Citibank, N.A. (Doc. Nos. 27, 29, and 43) on June 15, 2026, June 17, 2026 and June 22, 2026.

In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se, that she has a right to respond to Defendants' motions.[1] The Court also advises Plaintiff that failure to respond may result in Defendants being granted the relief they seek—that is, dismissal of the Complaint and/or Compel Arbitration (with respect to Citibank).

---

[1] The Fourth Circuit did not hold in *Roseboro* that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in *Roseboro* regarding notice was directed to summary judgment motions. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); *see also Norman v. Taylor*, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

**IT IS THEREFORE ORDERED** that Plaintiff shall respond to the pending Motions to Dismiss, (Doc. Nos. 27, 29, and 43), within twenty-on (21) days from the filing of this Order. If Plaintiff fails to respond in that time, the Court will proceed to consider Defendants' motions without a response.[2]

**SO ORDERED.**

Signed: July 10, 2026

Kenneth D. Bell
United States District Judge

---

[2] The Court has received and reviewed Wells Fargo Bank's counsel's "Notice" regarding Plaintiff's failure to respond. Doc. No. 48. The Court is well aware of the status of the cases on its docket, as well as the number of Defendants in this action (who moved for dismissal at different times). As reflected in this Order, the Court declines Wells Fargo's request that the Court rule immediately on its Motion to Dismiss, notwithstanding counsel's rush to take advantage of a pro se Plaintiff's failure to follow the Court's procedural rules.